By the Court :
The single question to be decided in this case is, what boundary is described by the terms, “ down the creek with the several meanders thereof ?” And we think it perfectly clear that these terms describe the water in the bed of the creek, and not the top of the bank. This we understand to be a settled rule, wherever the stream is made the boundary. It is the water, and not the bank of its channel that is referred *to. The state is bounded by the Ohio river; but it can scarcely be supposed that the beach, below the break of the bank, is not within her jurisdiction. In the case of Handly’s Lessee v. Anthony, 5 Wheat. 374, this doctrine is distinctly recognized by the Supreme Court of the United States as being a rule of boundary. And it is one to which this court have always adhered.
An attempt is made to distinguish this case from the general ap* *286 plication of the rule, upon its particular circumstances. The boundaries described as corners are found on the bank, at a considerable distance from the water’s edge. And it is maintained that by these corners, the grantee must be concluded. This position involves the consequence that corner trees always stand in the mathematical line, which technically is the boundary.
■ But this is not the fact, either with respect to corner or line trees. It is not unfrequent that both stand a-greater or less distance from the actual line. The nearest and most permanent trees are usually marked. A tree marked as a corner, upon the bank of a stream, never can stand upon the water line at low-water mark. And where the call is for the meanders of the stream, the corner is not supposed to be exactly in the line.
The fact that the marked corner called for stands four rods from the water, does not create any ambiguity in the terms, “ down the creek, with the several meanders thereof." They import the water edge, at low water, which is a decided natural boundary, and must control a call for corner trees, or stakes upon the bank.
There is nothing in the various deeds inconsistent with this interpretation. Emons did not grant the creek to Smalley, but the land southeast of it. He did grant it to Aten, and made Smalley’s line the boundary of the grant to Aten, and his repetition of the calls in Smalley’s deed can not change their legal import. Nor does such repetition evidence any intention to do so, or to confine Smalley’s grant to the top of the bank. When we decide that the plaintiff’s boundary is the water, and not the bank, we impugn none of the principles laid down by Judge Washington in the case of Wright and Hill, so strongly relied upon by *the plaintiff. New trial refused, and judgment for plaintiff on the verdict.†

Note by the Editor. — The law of this case is reaffirmed in a number of cases in Ohio, for which see xi. 311, where, in the opinion of the court, the leading cases prior to the date of that decision are cited.